IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANESHA RITZBERG, | : |
| Plaintiff, | : |
| vs. | : |
| | : Civil Action Number: 1:10-CV-3338-JEC |
| ULTIMATE SPORTS BAR, LLC and ALRE M. ALSTON, | : |
| Defendants. | : **Jury Trial Demanded** |

# COMPLAINT

Plaintiff, by and through the undersigned counsel, brings this complaint against Defendants and pleads as follows:

## INTRODUCTION

1.

Plaintiff Danesha Ritzberg (hereafter "Plaintiff Ritzberg") brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et.seq.*), (hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the employer failed to pay her minimum wage and an additional like amount as liquidated damages; (2) recover overtime pay that was denied her and an

additional amount as liquidated damages and (3) be awarded her costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Ultimate is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Dekalb County Georgia.

5.

Ultimate and Alston employed Plaintiff Ritzberg as a server in and around Atlanta, Georgia from July 5, 2010 through the date of filing of this action.

6.

From on or about July 5, 2010 through the date of filing of this action, Plaintiff Ritzberg has been an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about July 5, 2010 through the date of filing of this action, Plaintiff Ritzberg has been "engaged in commerce" as defined in FLSA § 6(a), 29 U.S.C. § 206(a) and FLSA § 7(a)(1), 29 U.S.C. § 7(a)(1).

8.

From on or about July 5, 2010 through the date of filing of this action, Plaintiff Ritzberg has been "employed in an enterprise engaged in commerce" as defined in FLSA § 6(a), 29 U.S.C. § 206 (a) and FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Ultimate is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant Ultimate has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

11.

From on or about July 5, 2010 through the date of filing of this action, Defendant Ultimate has been "engaged in commerce" as defined in FLSA § 6(a), 29 U.S.C. § 206(a) and FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

From on or about July 5, 2010 through the date of filing of this action, Ultimate's employees have handled, sold and otherwise worked on materials that have been moved or produced for commerce, within the meaning of FLSA § 3(s)(1)(A)(i), 29 U.S.C. § 203(s)(1)(a)(i).

13.

Defendant Ultimate's annual gross volume of sales made or business done in 2010 is more than $500,000.00 (exclusive of excise taxes).

14.

At all time material hereto, Defendant Ultimate has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

15.

Defendant Ultimate is subject to the personal jurisdiction of this Court.

16.

Defendant Alre M. Alston (hereafter "Defendant Alston") resides within

- 4 -

Fulton County Georgia.

17.

At all times material hereto, Defendant Alston has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

18.

Defendant Alston is subject to the personal jurisdiction of this Court.

## COUNT II — FAILURE TO PAY MINIMUM WAGE

19.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

20.

At all times material hereto, Ritzberg has been entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

21.

Defendants failed to inform Ritzberg of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

22.

Defendants have required Ritzberg to pay a portion of the tips she received directly to Ulitmate.

23.

Defendants have required Ritzberg to pay a portion of the tips she received directly to Ultimate for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

24.

From on or about July 5, 2010 through the date of filing of this action, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

25.

From on or about July 5, 2010 through the date of filing of this action, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

26.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. 216(b).

27.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29

U.S.C. 216(b).

28.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

29.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

30.

At all times material hereto, Ritzberg has been entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

31.

During her employment with Defendants, Ritzberg regularly worked in excess of forty (40) hours each week.

32.

Defendants failed to pay Ritzberg at one and one half times her regular rate of pay for work in excess of forty (40) hours in any week from July 5, 2010 through the date of filing of this action.

33.

Defendants have willfully failed to pay Ritzberg at one and one half times her regular rate of pay for work in excess of forth (40) hours in any week from July 5, 2010 through the date of filing of this action.

34.

As a result of the underpayment of overtime compensation as alleged above Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

35.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

36.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants

in unpaid minimum wage from on or about July 5, 2010 through the date of filing of this action due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA.

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA.

4. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

COUNSEL FOR PLAINTIFF

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC
3100 Centennial Tower
101 Marietta Street, N.W.

Atlanta, GA 30303-2720
(404) 979-3150
(f) (404) 979-3170
Kevin.fitzpatrick@dcbflegal.com
Charlesbridgers@dcbflegal.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANESHA RITZBERG,          :
                           :
    Plaintiff,             :
                           :
vs.                        :  Civil Action Number:
                           :
ULTIMATE SPORTS BAR, LLC and :
ALRE M. ALSTON,            :
                           :
    Defendants.            :  **Jury Trial Demanded**

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

/s/ Kevin D. Fitzpatrick, Jr.
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

/s/ Charles R. Bridgers
Charles R. Bridgers
Georgia Bar No. 080791
Counsel for Plaintiff

- 11 -